IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIM E. HOLZ, | : | |
|     Plaintiff, | : | |
| | : | 1:14-cv-2354 |
| v. | : | |
| | : | Hon. John E. Jones III |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

### **March 17, 2015**

Plaintiff, Tim E. Holz, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the instant *pro se* civil rights action pursuant to 28 U.S.C. § 1331.  (Doc. 1).  Plaintiff has filed a motion for leave to proceed *in forma pauperis* and a prisoner authorization. (Docs. 2, 3).

The named Defendants are the Commonwealth of Pennsylvania, the Lackawanna County Court, Judge Geroulo, and Mary Rinaldi, Clerk of the Lackawanna County Court.  (Doc. 1, p. 4).  Plaintiff alleges that Judge "Geroulo and the Lackawanna County Court, and the Commonwealth of PA are culpable for premeditated murder with the F.B.I." due to their alleged failure to serve a complaint filed by Plaintiff in the Lackawanna County Court.  (Doc. 1, p. 7). Plaintiff elaborates that Mary Rinaldi and Judge Geroulo knew he would be

murdered on August 14, 2014, which is "the precise reason they failed[/]refused to serve [his] lawsuit."  (Doc. 1, p. 8).

For relief, Plaintiff seeks $30 billion in compensatory damages and $30 billion in punitive damages.  (Doc. 1, p. 9).

Upon consideration of the above-captioned action, the Court finds that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits Plaintiff from proceeding *in forma pauperis* as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim.  *See Ibrahim v. District of Columbia*, 208 F.3d 1032 (D.C.Cir. 2000).  *See also Holz v. U.S.A. Corp., et al.*, No. 1:14-cv-2057 (M.D. Pa. 2014) at (Doc. 17).

It is evident that Plaintiff's allegations do not indicate that he "is under imminent serious physical injury."  *See* 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury").  Further, there are no allegations that a threat of danger is real and proximate.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in

imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to section 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate"). Upon careful review of the instant complaint, it is determined that Plaintiff's claim fails to meet the imminent danger exception to section 1915(g).

    A separate Order follows.